# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**ROBERT WALTON**                                                                                                       **PLAINTIFF**
**ADC #153887**

v.                      Case No. 2:18-cv-00115-KGB-JTR

**ARKANSAS DEPARTMENT
OF CORRECTIONS,** *et al.*                                                          **DEFENDANTS**

## ORDER

Before the Court is the Recommended Partial Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 11). Plaintiff Robert Walton filed a partial objection to the Recommended Partial Disposition (Dkt. No. 14). After careful review of the Recommended Partial Disposition, a *de novo* review of the record, and a review of the objection, the Court adopts the Recommended Partial Disposition as its findings in all respects (Dkt. No. 11).

Mr. Walton filed a complaint pursuant to 42 U.S.C. § 1983 on August 13, 2018, suing the Arkansas Department of Correction ("ADC"), ADC Director Wendy Kelley, CCS Medical, ADC Medical Administrator Greg Recheigl, Geraldine Campbell, Adloneya Baker, and Sergeant Dorsey A. Lee, Sr. (Dkt. No. 2). Mr. Walton alleges that defendants violated his constitutional right to receive adequate medical care (*Id.*). He filed an addendum to the complaint on August 22, 2018, indicating that he was suing defendants in both their official and individual capacities, representing that he has not begun any other lawsuit in federal court dealing with the same facts involved in this action, and adding documents as exhibits (Dkt. No. 5). On September 11, 2018, Judge Ray directed Mr. Walton to file an amended complaint clarifying how certain defendants each personally participated in violating his constitutional rights; why Mr. Walton named the ADC and "CCS Medical" as defendants; and why he named all defendants in both their individual and

official capacities (Dkt. No. 7, at 2-3). Mr. Walton then filed an amended complaint on October 2, 2018, withdrawing Director Kelley and Medical Administrator Recheigl as defendants in the case (Dkt. No. 9). In the amended complaint, Mr. Walton also asserted that he named the ADC as a defendant because Sergeant Dorsey is an employee and representative of the ADC and that Ms. Campbell and Ms. Baker are employees and representatives of CCS Medical (*Id.*, at 1). Finally, Mr. Walton represented that he wished to sue the named defendants in their official capacities only (*Id.*).

In the Recommended Partial Disposition, Judge Ray recommends dismissing with prejudice defendant ADC because state agencies, such as the ADC, are not "persons" that can be sued under § 1983 (Dkt. No. 11, at 3). Judge Ray also recommends dismissing without prejudice CCS Medical because a corporation can only be held liable under § 1983 for unconstitutional policies or practices, and Mr. Walton has made no such allegations in this case (*Id.*, at 4). Judge Ray further recommends dismissing without prejudice Director Kelley and Medical Administrator Reichegl because Mr. Walton withdraws his claims against these defendants in his amended complaint (*Id.*). Finally, Judge Ray recommends that Mr. Walton be allowed to proceed with his cruel and unusual punishment, inadequate medical care, and retaliation claims against Sergeant Lee, Ms. Campbell, and Ms. Baker (*Id.*, at 5). The remaining defendants were served (Dkt. Nos. 16, 19, 20).

In his partial objection, Mr. Walton represents that: (1) he does not know how to present his case; (2) he needs investigation done; and (3) he needs expert testimony from his surgeon at University of Arkansas for Medical Sciences ("UAMS") (Dkt. No. 14, at 1). Mr. Walton objects to the Recommended Partial Disposition to the extent that he believes Medical Administrator

2

Recheigl "should be responsible for his actions as medical administrator." (*Id.*, at 2). Mr. Walton further requests reconsideration of his motion to appoint counsel (*Id.*).[1]

As Judge Ray explained in the Recommended Partial Disposition, Mr. Walton withdraws his claims against Medical Administrator Recheigl in his amended complaint (Dkt. No. 11, at 4; Dkt. No. 9). Even if he had not, the Court concludes that Mr. Walton fails to state a claim upon which relief may be granted as to Medical Administrator Recheigl. To state a cognizable claim under § 1983, a complaint must set forth specific factual allegations describing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's constitutional rights. *See*, *e.g.*, *Dockery v. City of Garland*, Case No. 4:10CV04071-HFB-JRM, 2011 WL 1167082, at *2 (W.D. Ark. March 10, 2011). Even giving the complaint, addendum, and amended complaint the benefit of a liberal construction, as required under *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court concludes that Mr. Walton has not alleged the specific role Medical Administrator Recheigl had in the alleged constitutional violations. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.").

Accordingly, the Court adopts in its entirety the Recommended Partial Disposition over Mr. Walton's partial objection (Dkt. No. 11). The Court dismisses with prejudice defendant ADC, and the Court dismisses without prejudice defendants CCS Medical, Director Kelley, and Medical Administrator Recheigl.

---

[1] On the same day that Mr. Walton filed his partial objections, Mr. Walton also filed a separate motion for the appointment of counsel (Dkt. No. 15), which Judge Ray denied by separate order (Dkt. No. 27). For these reasons, the Court does not address Mr. Walton's request again here.

It is so ordered this 29th day of August, 2019.

_____
Kristine G. Baker
United States District Judge