UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

ROBERT WALTON                                                                          PLAINTIFF

v.                                  2:18-CV-00115-KGB-JTR

GERALDINE CAMPBELL
And ADLONEYA BAKER                                                              DEFENDANTS

# RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker.  Any party may file written objections to this Recommendation.  Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation.  An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation.  If no objections are filed, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

1

## I. Introduction

Plaintiff Robert Walton ("Walton"), while incarcerated in the Arkansas Division of Corrections ("ADC"),[1] initiated this *pro se* § 1983 action against Defendants APN Geraldine Campbell ("Campbell") and LPN Adloneya Baker ("Baker") contending that they denied him adequate medical care for a preexisting shoulder injury and that Baker retaliated by filing a disciplinary charge against him.[2] *Doc. 2.* Campbell and Baker both work for CCS Medical LLC ("CCS"), a private health care provider for ADC prisoners. Walton seeks declaratory relief and an award of compensatory and punitive damages.

Defendants Campbell and Baker have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Material Facts. *Docs. 60-62.* They argue that, because Walton elected to sue Defendants only in their official capacity, they are entitled to judgment as a matter of law. Specifically, they contend that: (1) CCS has no official capacity; and (2) to the extent CCS has an official capacity, Walton has not identified any policy, custom or practice of CCS that violated his constitutional rights.[3] *Doc. 62.*

---

[1] Walton has been released from ADC custody. *Doc. 59.*

[2] The Court previously dismissed Walton's constitutional claims against all other Defendants. (*Docs. 42*, 4*3*).

[3] Arguing in the alternative, Defendants also contend that Walton cannot prevail on the merits of his claims for inadequate medical care and retaliation. Because the Court agrees with

Despite being granted an extension of time to respond (*Doc. 65*), Walton has not filed anything in opposition to Defendants' Motion for Summary Judgment.

The undisputed relevant procedural history establishes that: (1) On August 13, 2018, Walton filed a Complaint alleging inadequate medical care and retaliation, without specifying whether he was suing Defendants in their official or individual capacity (*Doc. 2 at p. 2*); (2) On August 22, 2018, Walton filed a sworn Affidavit stating that he was suing "in both official and personal capacity" (*Doc. 5*); (3) On October 2, 2018, Walton filed a sworn Affidavit stating: "I . . . would like to change the named defendants from both official and personal to official only" (*Doc. 9*) (emphasis in original)); and (4) On June 26, 2019, during his deposition, Walton stated that the claims he was asserting against Baker and Campbell were for their actions *in their official capacities only*. *Doc. 61-3, p. 106*.

As a matter of law, Walton's official capacity claims against Baker and Campbell are without merit. Accordingly, the Court recommends their Motion for Summary Judgment be granted.[4]

---

Defendants that Walton cannot recover the requested relief from Defendants in their official capacities, it does not reach the merits of the underlying constitutional claims.

[4]Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present

## II.   Discussion

Official capacity claims are "the functional equivalent of a suit against the State." *Zajrael v. Harmon,* 677 F.3d 353, 355 (8th Cir. 2012). Here, CCS contracted with the ADC to provide medical care to inmates, an essential service that the State is obligated to provide all ADC prisoners. *Doc. 62, p.1*. Thus, in providing those services, CCS was acting under color of state law for purposes of § 1983.

As a corporation acting under color of state law, CCS may be held liable for *its own* unconstitutional policies, practices, or customs, but may *not* be liable for the acts or omissions of its employees. *See Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007) ("A private corporation cannot be held liable under § 1983 for its employees' deprivation of another's rights.").[5]

Here, Walton alleges *nothing* which suggests that "there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Walton alleges only that Baker falsely accused him of

---

specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011).

[5] CCS may be liable under § 1983 if the injury alleged is the result of its policies, practices, or customs, *or* if it knew of its employees' misconduct and failed to take steps to end the misconduct.  *Id*   "There are two basic circumstances under which [official] liability will attach: (1) where a particular [company] policy or custom itself violates federal law, or [it] directs an employee to do so; and (2) where a facially lawful [company] policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

"dashing" her with water and changed his script from no-duty to one-arm duty work status, which required him to work. Even if this allegation is true, it cannot support a finding of liability against CCS.[6]  Similarly, his allegations that Campbell refused to renew his pain medication and refused to place him on no-duty work status, even if true, will not support official capacity liability against CCS.[7]

The Eleventh Amendment grants the State, and its agencies, sovereign immunity from "any kind of relief, not merely monetary damages." *Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007); *see also Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). This includes a declaratory judgment for a past constitutional violation. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993) (Eleventh Amendment prohibits "judgments against state officers declaring that they violated

---

[6] Similarly, even if Walton had sued Baker in her individual capacity, he could not prevail on his claim that she retaliated against him by filing a false disciplinary report. It is undisputed that Walton was found *guilty* of the disciplinary, an outcome that, as a matter of law, cannot support a claim that it was "retaliatory." *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008); *Moots v. Lombardi*, 453 F.3d 1020, 1023 (8th Cir. 2006).

[7] Even if Walton had sued Campbell in her individual capacity, the record demonstrates that he could not prevail on his claim that she provided inadequate medical care by failing to renew his pain medication and that both she and Baker unlawfully refused to place him on no-duty work status.  Defendants have provided the sworn expert medical opinion of Dr. Jeffrey Stieve, who states that, in his medical opinion, Walton was provided with appropriate pain medication and work restrictions. *Doc. 61-4* at p. 5. Walton's lay opinion testimony to the contrary is entitled to no evidentiary weight.  *See Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 791 (8th Cir. 2009) ("[m]ere allegations, unsupported by specific facts or evidence beyond [plaintiff's] own conclusions" were insufficient to avoid summary judgment) (omitting internal quotations)).

federal law in the past"). Thus, Walton cannot recover money damages or declaratory relief against either Campbell or Baker for any of their alleged actions in their official capacities.[8]

Accordingly, Defendants' Motion for Summary Judgment should be granted and Walton's claims against Campbell and Baker should be dismissed, with prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment *(Doc. 60)* be GRANTED and all of Walton's claims against Campbell and Baker be dismissed, with prejudice.

2. The Court certify that an *in forma pauperis* appeal of any Order adopting this Recommendation would not be taken in good faith.

Dated this 20th day of January 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[8] A narrow exception exists for claims seeking *prospective relief* against state officials. *Monroe,* 495 F.3d at 594 (explaining that, under *Ex Parte Young*, "state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment"). However, Walton did *not* seek any such relief. Furthermore, any request for prospective relief now would be moot because Walton has been released from the ADC. *See Doc. 59.* This means, prospectively, Defendants are no longer in a position to exercise any authority or control over him. *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (prisoner's requests for declaratory and injunctive relief were rendered moot by his transfer to another facility because he was no longer subject to the allegedly unlawful conditions).